IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**APR 28 2025**

JEFFREY P. COLWELL
CLERK

Civil Action No. _____
(To be supplied by the court)

__C.S. Robledo_____, Plaintiff

v.

__M.V. Carbajal_____,

__J. Patrick_____,

__Montrose County Court_____,

__Laura Harvell_____, Defendant(s).

**Jury Trial requested:**
(please check one)
____ Yes  ✓ No

(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)

## PRISONER COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

A.  **PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

_____Craig S. Robledo ; 251129_____1650 Hwy 492___
(Name, prisoner identification number, and complete mailing address) Walnut Grove, MS 39189

_____
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____ Pretrial detainee
____ Civilly committed detainee
____ Immigration detainee
✓ Convicted and sentenced state prisoner
____ Convicted and sentenced federal prisoner
____ Other: (*Please explain*) _____

B.  **DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:  __Maria V. Carbajal ; 609 Barbara Court #C__
(Name, job title, and complete mailing address) Montrose, CO 81401

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ____ Yes ✓ No (*check one*). Briefly explain:

_____
_____

Defendant 1 is being sued in his/her ✓ individual and/or ____ official capacity.

- Defendant 2: <u>James Patrick; Judge; 1200 N. Grand Ave. Montrose, CO 81401</u>
  (Name, job title, and complete mailing address)

  At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*). Briefly explain:

  <u>He is a Judge.</u>

  Defendant 2 is being sued in his/her ✓ individual and/or ✓ official capacity.

- Defendant 3: <u>Montrose County; Colorado, USA</u>
  (Name, job title, and complete mailing address)

  At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*). Briefly explain:

  Defendant 3 is being sued in his/her ✓ individual and/or ✓ official capacity.

- Defendant 4: Lara E. Harvell; Judge; 1200 N. Grand Avenue Montrose, CO 81401

**C. JURISDICTION** She is sued in her individual and official capacity.
*Indicate the federal legal basis for your claim(s): (check all that apply)*

✓ State/Local Official (42 U.S.C. § 1983)

✓ Federal Official
  As to the federal official, are you seeking:
  ___ Money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)
  ✓ Declaratory/Injunctive relief pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, or 28 U.S.C. § 2201

✓ Other: (*please identify*) <u>42 USC § 1985 and Diversity Jurisdiction</u>

# V. NATURE OF THE CASE

On December 19, 2022, Craig Robledo was told he was hired as a Paralegal and a "secretary" for "ANL", a process serving and investigation company that markets legal work to inmates and provides service of process to law firms in California and Colorado.

C.S. Robledo was promised $20 per hour at a scheduled rate of 25 hours per week. ($500 per week).

By January 12, 2023, Carbajal had paid Plaintiff Zero dollars. No money whatsoever. (Robledo worked 26 hours per week.)

On January 12 or 13, 2023, Defendant drove from Montrose to Denver and went to 4924 Scranton Ct. and used Plaintiff's key to enter his room without consent.

Plaintiff was in a jail as of January 11, 2023 and was not present for the theft.

Carbajal stole every item Robledo owned, including clothes and hygiene. She drove it to a locker at Store Quest on Kalamath St. in Denver where she locked it and held it hostage.

Now, **OVER** 1 year later, Plaintiff still has not retained nor obtained possession of any of the property.

On February 17 and 18, upon release from jail, Plaintiff repeatedly asked Defendant to return his property OR give him access to it.

Carbajal refused. So Robledo contacted Denver detective Darrin Threlkeld and Montrose officer Lamphere (Lanfear, phonetic).

When these 2 contacted Carbajal, she was furious. In retaliation, she requested a temporary (now permanent) protection order from Montrose County Court.

She falsely alleged Robledo was pretending to be a police officer. She claimed Threlkeld does not exist.

Threlkeld obtained a warrant to enter Carbajal's locker and extract whatever items were BELIEVED to be Plaintiff's.

This property remains in Denver police custody today. Carbajal continues to lie to Montrose Judges Lauren Harvell and Jim Patrick.

The protection order prevents Robledo from finding out if any of his property remains in Carbajal's possession.

(someone recently picked up Robledo's property from Denver Police)

## VI. CAUSE OF ACTION

(A.) Carbajal intentionally, knowingly, and purposefully deprived Robledo of over 2,900 dollars' worth of property and valuables.

(1.) Robledo, as a Paralegal, could not generate revenue nor make any money after Carbajal "fired" him on January 24, 2023.

This is because Carbajal had all of Robledo's law books, legal books; and even his Paralegal transcripts, certifications, and diplomas as well as hundreds of cases printed and stored in his legal box.

(2.) Robledo's mode of transportation was a Jetta (Volkswagen) loaned to him by Dean Carbajal (Defendant's son) from December 18, 2022 until January 11, 2023 when he was arrested.
Mrs. Carbajal repossessed this vehicle January 12, 2023.
After release from jail on Feb. 17, 2023, he had no mode of transportation.
Carbajal's burglary and theft included taking all of Plaintiff's bus passes as well.

(3.) The amount of food ($320 worth); clothing ($800); hygiene products ($600); law books ($1,200 worth); shoes ($250); regular books ($120 worth); stationery and office supplies ($200); guitar ($160); amp ($30); bedding ($85) and electronics ($260) stolen by Mrs. Carbajal on January 12, 2023 makes this act a felony.
And the amount exceeds $3,000.
By using his room key (on the Volkswagen's keychain) to unlawfully enter Plaintiff's room, Carbajal committed Tort against Robledo.
By taking all his belongings, she committed another Tort and replevin and theft and conversion.

(4.) Defendant never returned any of the property she stole.
Plaintiff was forced to call Denver police and report everything as stolen, to include a GPS monitor charger and battery which belong to CDOC.

Denver detective Darrin Threlkeld got involved around February 24, 2023.
Exhibits O-2; O-3; and O-4 show Plaintiff trying (in Spanish) to explain the urgency to Carbajal, and get her to return his clothes and hygiene.

B.) Defamation; Slander; Abuse of process; Misuse of a Court; and Malicious prosecution.

(1.) On March 5, 2023 and March 8, 2023, detective Threlkeld (badge # 18008) communicated with M.V. Carbajal and asked her about the burglary.
She confessed to it. She also told him her "attorney" Mark Burton would contact Denver P.D. and she would "sue" Plaintiff and detective Threlkeld.

On March 10, 2023, Threlkeld sent (Exhibit 0-1) the texts to this Defendant, M.V. Carbajal.
He told her "to return Craig's property" which she had hidden in her storage unit on Kalamath Street in Denver.
    Instead of returning the property she stole, Carbajal had Deanna Strappelli — a private investigator — do a check of Threlkeld's police cellphone number and "discovered" it's registered to a house and not to the Denver police station.
She then refused to believe Threlkeld was a real detective.
So she went to the Montrose County court and filed a false, deficient application for a TRO. (23 C 36, Montrose)
    She claimed, perjuriously, that Plaintiff had threatened her and harassed her.
    She obtained her Temporary Protection order, and due to Plaintiff being incarcerated just hours after the Montrose Court granted him a continuance, he was unable to appear by phone or webex on April 4 or 5, 2023.
For this reason alone, the Protection order became permanent.
    Plaintiff appealed and created 23 CV 18 in Montrose.
He repeatedly requested a briefing schedule and was told by Defendant Patrick that his request was premature.
    Then, in September, Plaintiff requested to know the status of the case. Judge Patrick said the Appeal was released and Dismissed August 11, 2023 due to Plaintiff's "failure to submit an Opening Brief".
    Plaintiff had never received the Record on Appeal, nor any briefing schedule. He couldn't have filed any opening Brief.

M.V. Carbajal, in obtaining her Protection Order, lied, schemed, and defamed and slandered Plaintiff. She filed a "Brief" in support of a permanent protection order which contained false, damaging, slanderous lies about this Plaintiff and about Detective Threlkeld.

2.) Carbajal instituted false and malicious abuse of process against Plaintiff for personal gain, and defrauded a court.
There was no need nor grounds for her to request nor receive a protection order.
All her claims that Plaintiff "harassed" her and was "stalking" her were (are) false.
She was simply upset that a detective was now involved and she might be arrested or have her storage locker searched.
Defendant gave false, perjurious testimony to a Court (Laura Harvell) in order to obtain a protection order which prevents Plaintiff from visiting his friend and former attorney at 138 W. 5th Avenue in Denver, or from conducting business anywhere near 103 W. 5th Avenue.
It also prevents Plaintiff from asking Defendant about his property anymore.
Maria Victoria lives and works in Montrose, Colorado.
She purposefully wrote "103 W. 5th Avenue" on her request for a protection order, a Denver address, in order to interfere with Plaintiff's work, employment, life, and friendships.

   (a.) James Patrick and Laura Harvell (judges) both knew Defendant lives and works from home in Montrose.
They did not request any proof from Carbajal that she had any connection to this Denver address.
They simply granted the place as a protected address.

   (b.) When Plaintiff appealed, Defendant Patrick refused to allow a briefing schedule and refused to hold a hearing and refused to remove the address from "protected" status.

3.) Plaintiff's inhaler; mental health medication; blood pressure medicine; and cholesterol medication were with all the items stolen by Defendant, (Carbajál).
As a result, Plaintiff suffered physical and mental effects and had ailments and withdrawals.
Plaintiff's asthma was unable to be controlled due to theft of his rescue inhaler.
This went on from February 17th, 2023 (release from jail) to March 22, 2023 (protection order hearing with judge Harvell) when he was arrested around 1pm.
Carbajal's theft and fraudulent protection order almost killed Plaintiff.

C.) J. Patrick purposefully deprived Plaintiff of his Right to appeal and upheld an invalid, baseless protection order AND did <u>not</u> order the defendant to return any property.

    (1.) Patrick knows full well that the requirements for an emergency restraining/protection order are on the face of the application: THREATS OR VIOLENCE OR BOTH

        (a) Carbajal's application did not state what exactly Plaintiff said to her which was "threatening" or "violent". It simply states numerous phone calls at all hours.

        (b.) Carbajal's application states there were "threats of harm". But no explanation of what this means.

        (c.) Carbajal provided no Verizon nor T-Mobile call records nor screenshots of all the alleged calls made at "all hours". (They don't exist)

        (d.) On appeal (23CV18), Patrick never allowed Plaintiff to submit an Opening Brief. Patrick refused to send Plaintiff the record on appeal. He refused to give Plaintiff a briefing schedule. James Patrick sabotaged Plaintiff's appeal.

(2.) There exists zero evidence to support a protection order in 23C36 or 23CV18.

    Carbajal's "Brief in Support of" a permanent protection order alleges Robledo "stalked" investigator Deanna Strappelli and was "fixated" on her.

    This is false. The 2 were colleagues and pals. Robledo was going to hire her in 23M111 (Douglas County) and discussed it with her in March of 2023.

    Also, it's irrelevant. Carbajal's desire for a protection order cannot be based upon Plaintiff's interactions with other people.

Strappelli never testified nor wrote an affidavit for Defendant, nor for 23C36.

She and her possible interactions with Plaintiff can never be justification for Carbajal's protection order.

But Patrick allowed such nonsense.

He even allowed the fact of Robledo's parolee status to be "evidence" supporting Carbajal's need for a protection order.

No proof of threats nor violence was EVER required nor produced.

### (D.) Unpaid Wages and Larceny

From December 18, 2022 to January 11, 2023, Plaintiff worked 30 hours PER WEEK for Defendant Carbajal and her son as their Senior Paralegal for ANL Services and VSP (California).

Carbajal had orders from her son and business partner Dean Carbajal, to pay Plaintiff $20 per hour for his work. This is $600 per week.

Carbajal agreed to this amount. She instructed Plaintiff to make a Paypal account so she could pay him while simultaneously dodging taxes.

Defendant Carbajal NEVER paid Plaintiff any money for 4 weeks of work.
Not once.
This is illegal and violates the Trafficked Victims Protection Act AND is a contract violation.

Maria V. Carbajal owes Robledo $2,400 in unpaid wages and "back pay", plus 8% interest per statute.

This totals $2,592 as of January of 2024.
And around $2,792 by January of 2025.

### SWORN — CERTIFICATE OF TRUTH

I, Craig S. Robledo do swear and affirm that the foregoing is true and correct in each claim AND cannot be disproven in any way.
I hereby submit this suit for damages.

- SWORN December 31, 2024 by _____C.S. Robledo, Paralegal_____

- WITNESSED by

Yolanda Odom on _/_/2024

NOTARY PUBLIC

E.   PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated?  ✓ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):   M.V. Carbajal

Docket number and court:   25 CV 92 - Denver County

Claims raised:   SAME

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?)   Dismissed

Reasons for dismissal, if dismissed:   Failure to obtain "certified" Mississippi DOC inmate balance due to MDOC not cooperating.

Result on appeal, if appealed:


F.   ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

✓ Yes ___ No (*check one*)    N/A

Did you exhaust administrative remedies?    N/A

✓ Yes ___ No (*check one*)

5

### G. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

1.) Return of all stolen items by Carbajal.
2.) Back pay of $2,000 plus 8% interest by statute
3.) Patrick or Montrose must remove/vacate the protection order of 23 C 36 or 23 CV 18 (Montrose).

4.) Patrick must not impose nor uphold protection orders based on lies or nonsense.
5.) Harvell must remove any protection order she granted against Plaintiff.

### H. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

04/12/25
_____
(Date)

(Revised November 2022)

6

# Craig Robledo-Valdez, 2016CR1535
## DISCOVERY RECEIVED LOG

DATE FILED: May 30, 2017

| PAGE NOS. | DATE RECEIVED | RECEIVED BY | COPIES MADE FOR DISTRIBUTION/NOTES |
|---|---|---|---|
| 00001-00176 (ACTUALLY TO PAGE 146) | (03-10-16) | Initial Release | 1-16 AND 21-34 MISSING PAGES (30 PGS TOTAL) REPLACE AT PAGE 146. |
| 00177-00234 | (03-16-16) | Release 01 | |
| 00235-00238 | (03-17-16) | Release 02 | |
| Facebook - Bobbi Payne and Naomi Martell's Accounts | (03-17-16) | Release 02 | Not in paper disco? Does this come as a disc w/ out an identifying disco #? |
| Facebook - Bobbi Payne and Naomi Martell's Accounts | (3-17-16) | Release 03 | Not in paper disco? Does this come as a disc w/ out an identifying disco #?. This is missing from CD 12 – Which appears to be the disc this should have come on |
| 00239-00269 | MISSING | MISSING | MISSING |
| 00270-00342 | MISSING | MISSING | MISSING |
| 00343-00358 | 03/22/2016 | Release 06 | |
| 00359-00391 | 03/31/2016 | Release 07 | |
| 00393-00392 | 04/04/2016 | Release 08 | |
| 00394-00421 | 04/04/2016 | Release 09 | |
| 00422-00438 | 04/07/2016 | Release 10 | |
| 00439-00441 | 04/15/2016 | Release 11 | |
| 00442-00445 | 04/29/2016 | Release 12 | |
| 00446-00451 | 05/02/2016 | Release 13 | |
| 00452-00453 | 05/11/2016 | Release 14 | |
| 00454-00479 | 05/20/2016 | Release 15 | |
| 00480-00497 | 05/24/2016 | Release 16 | |
| 00498-00548 | 06/06/2016 | Release 17 | |
| 00549-00559 | 06/14/2016 | Release 18 | |
| 00560-00564 | 06/22/2016 | Release 19 | |
| 00565-00565 | 07/07/2016 | Release 20 | |

DISCO - Paper I had access to.

000425

[N-1]

MEDIA DISCOVERY LOG – Media Disco 9 ~not access to.
Craig Robledo-Valdez – 2016CR535

| Date on Disc | Item | Number | Description | Notes |
|---|---|---|---|---|
| 03/17/2016 | CD | 1 | Jail Calls 1-25-16 through 3-15-2016 | |
| 03/10/2016 | CD | 2 | Lakewood PD 15-22999: Message Left For Dave Martell | Why are these both labeled #2? |
| 03/17/2016 | CD | 2 | 180 Calls 12/2003- 8/2014 | Why are these both labeled #2? Also, are these really the dates, this is what the disc says, but I don't believe this is correct, probably 2013-2014 |
| MISSING | CD | 3 | MISSING | |
| 03/10/2016 | CD | 4 | Interview of Naomi Martell #1 | |
| 03/10/2016 | CD | 5 | Interview of Dave Martell | |
| 03/10/2016 | CD | 6 | Interview of Stefani Sorace | |
| MISSING | CD | 7 | MISSING | |
| MISSING | CD | 8 | MISSING | |
| 03/10/2016 | CD | 9 | Facebook Message Audio from Bobbi Jo Paynes Cell Phone 6/2/15 | |
| 03/10/2016 | CD | 10 | Interview of Naomi Martell by Butler 6/3/15 | |
| 03/10/2016 | CD | 11 | Interview of Naomi #1 and #2 by Butler 2-9-2016 | |
| 03/17/2016 | CD | 12 | 15-22298 AND 15-229999 Facebook Records from Bobbi Jo | This is from Release 2 and 3 which appear in the paper disco log. This as noted in the paper |

| | | | Payne and Naomi Martell's accounts | log, is missing and to be clear 15-229999 is missing. |
|---|---|---|---|---|
| MISSING | CD | 13 | MISSING | MISSING |
| MISSING | CD | 14 | MISSING | MISSING |
| 03/22/2016 | CD | 15 | Craig's Facebook and Facebook from 14CR Franny case | |
| 04/05/2016 | CD | 16 | Jail Calls 3/15/16-4/1/16 | |
| 04/12/2016 | CD | 17 | Interview of Miranda Hill by Butler 9/18/15 | |
| 04/12/2016 | CD | 18 | Interview of Cody Tinling by Butler 9/18/15 | |
| MISSING | CD | 19 | MISSING | MISSING |
| MISSING | CD | 20 | MISSING | MISSING |
| MISSING | CD | 21 | MISSING | MISSING |
| 06/07/2016 | CD | 22 | Jail Calls 5/18/16-6/5/16 | |
| | | | | |
| NOW DVD'S BELOW | | | | |
| 03/10/2016 | DVD | 1 | 8/14/15 Maximus Meridian FB | |
| MISSING | DVD | 2 | MISSING | |
| 3/10/2016 | DVD | 3 | Photos of Craig from Sony Laptop | |
| MISSING | DVD | 4 | MISSING | |

*000427*

[Attachment N-1]

| | | | |
|---|---|---|---|
| MISSING | DVD | 5 | MISSING |
| MISSING | DVD | 6 | MISSING |
| 03/10/2016 | DVD | 7 | Naomi Martell LG Phone Download |
| 03/10/2016 | DVD | 8 | Max Meridian FB |

*000428*

[Attachment N-1]

US POSTAGE PITNEY BOWES
ZIP 39189
02 7H
0006033146
$ 003.43°
APR 17 2025
FIRST-CLASS

C.S. Robledo, Paralegal
Walnut Grove Correctional Facility
1650 MS Hwy 492
Walnut Grove, MS 39189

ILAP
APPROVED LEGAL MAIL
APR 17 2025

United States District Court
of
COLORADO
901 19th Street
A105
Denver, Co  80294

MANILA

